UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHAD POLLARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-5 |
| | § | |
| JOHNNY COLLINS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered the Court's *sua sponte* determination of jurisdiction over the above-styled matter. For the reasons discussed below, the Court finds that it does not have jurisdiction over the above-styled matter and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 3 of Nueces County, Texas, where it was originally filed and assigned Cause Number 2010-CCV-62164-3.

## I.  Factual and Procedural Background

Plaintiff Chad Pollard originally filed this suit in state court on November 12, 2010, asserting a claim for negligence against Defendants Johnny Collins and JMS Wind Energy, Inc. ("JMS"). Plaintiff alleges he slipped on premises possessed, owned and/or controlled by Collins and JMS. Plaintiff seeks damages in an unspecified amount, including for medical expenses, physical impairment in past and future, and mental anguish in past and future. (D.E. 1, Ex. D-2.).

Defendant JMS filed its Answer in state court on December 22, 2010 denying liability.

On January 8, 2011, Defendant JMS removed the action asserting diversity jurisdiction. (D.E. 1.) Plaintiff is an individual who resides in Texas. Defendant JMS is a Nevada corporation. Defendant Collins is also an individual domiciled in Texas. JMS acknowledges that Collins is a citizen of Texas but contends Collins was fraudulently joined to defeat diversity. (Id. at 2-3.)

## II.  Discussion

### A.  Removal to Federal Court

#### 1.  General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

### 2. Fraudulent Joinder

A district court may disregard the defendant's citizenship if the defendant is fraudulently joined in the action. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-573 (5th Cir. 2004). The burden is on the removing party "to prove that the joinder of the in-state parties was improper — that is, to show that sham defendants were added to defeat jurisdiction." Id. at 575. "[T]he burden of proving fraudulent joinder is a heavy one." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914).

The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (internal citations and quotation marks omitted).

To determine if Plaintiff has established a cause of action against the non-diverse party, the court must "evaluate all factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). The court must also "examine relevant state law and resolve all uncertainties in favor of the nonremoving party." Id. After weighing the factual allegations and legal uncertainties in favor of the Plaintiff, the court may find fraudulent joinder only if "the

defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Smallwood, 385 F.3d at 573.

### 3. Timeliness of Removal

In addition to satisfying the substantive jurisdictional requirements discussed above, the removing defendant must comply with the removal procedures outlined in 28 U.S.C. § 1446.  The defendant must file with the district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." §1446(a).  The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b) (emphasis added).

"[T]he requirement for timely filing a petition for removal is mandatory." Cervantez v. Bexar County Civil Serv. Comm'n, 99 F.3d 730, 732 (5th Cir. 1996) (citing Courtney, II v. Benedetto, 627 F. Supp. 523, 527 (M.D. La. 1986)).  The "[c]ourt cannot extend it and the parties may not accomplish the same result by stipulation." Pace v. Chevron U.S.A., Inc., 1993 U.S. Dist. LEXIS 9295, *1 (E.D. La. 1993) (citing Albonetti v. GAF Corp-Chem. Group, 520 F. Supp. 825, 827 (S.D. Tex. 1981)).

### B. Analysis

#### 1. Defendant Fails to Demonstrate Fraudulent Joinder

Complete diversity is lacking in this case because both Plaintiff and Defendant Collins are Texas citizens.  See Corfield, 355 F.3d at 857.  Removing Defendant JMS

argues the Court should disregard Collin's citizenship because he has been improperly joined to defeat diversity given that there is allegedly no basis for liability against Collins under Texas law. (D.E. 1 at 2.)

To determine if Collins was fraudulently joined, the Court must evaluate Plaintiff's claims to see if there is any possibility of success against Collins under Texas law. Smallwood, 385 F.3d at 573. In his Original Petition, Plaintiff alleges he slipped and fell on the patio of property located in Bishop, Texas. (D.E. 1, Ex. D-2.) Plaintiff alleges that the patio on which he slipped had "a paint covering which rendered it unduly slippery when wet." (D.E. 1, Ex. D-2 at 2.) Plaintiff claims that Defendants either owned, occupied or maintained the premises, and that they were both negligent in allowing the patio to become dangerously slippery and in failing to warn Plaintiff of the patio's dangerous condition. Plaintiff alleges their actions or inactions proximately caused his injury. (Id. at 1-3.)

Under Texas law, a negligence claim requires proof of the following three elements: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from that breach. See D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002). The threshold issue in a negligence action is duty. See Greater Houston Transp. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).

Defendant JMS contends that Collins cannot be liable to Plaintiff because Collins was the lessor of the property and leased it to JMS. Defendant asserts that under Texas law a lessor generally owes no duty to tenants or their invitees for dangerous conditions on the property, and that none of the exceptions to this rule apply because Collins did not paint, repair or otherwise perform maintenance to the area in question after JMS leased

the property and prior to Plaintiff's claimed fall.  (D.E. 1 at 2) (citing Brownsville Navigation Dist. v. Izaguirre, 829 S.W.2d 159, 160 (Tex. 1992)).

"As a general rule, "a lessor of land is not liable to his lessee or to others on the land for physical harm caused by any dangerous condition, whether natural or artificial, which existed when the lessee took possession." Brownsville, 829 S.W.2d at 160 (quoting RESTATEMENT (SECOND) OF TORTS § 356 (1965)).  There are several exceptions to this rule, however.  See, e.g., Johnson County Sheriff's Posse v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996) ("[A] lessor who makes repairs may be liable for injuries resulting from the lessor's negligence in making the repairs…A lessor who conceals defects on the leased premises of which the lessor is aware may also be liable.")

One exception is that "[a] lessor of land who conceals or fails to disclose to its tenant any condition, whether natural or artificial, which involves unreasonable risk of physical harm to persons on the land, is subject to liability to the lessee and others upon the land with the consent of the lessee or sublessee for physical harm caused by the condition after the lessee has taken possession, if (a) the lessee does not know or have reason to know of the condition or of the risk that was involved, and (b) the lessor knows or has reason to know of the condition, and realizes or should have realized the risk and has reason to expect that the lessee would not discover the condition or realize the risk." Brownsville, 829 S.W.2d at 161.

In addition, "[a] lessor of land who, by purporting to make repairs on the land while it is in the possession of his lessee, or by the negligent manner in which he makes such repairs has, as the lessee neither knows nor should know, made the land more dangerous for use or given it a deceptive appearance of safety, is subject to liability for

physical harm caused by the condition to the lessee or to others upon the land with the consent of the lessee or sublessee." Blancett v. Lagniappe Ventures, Inc., 177 S.W.3d 584, 591 (Tex. App. Houston 1st Dist. 2005).

The Court finds Plaintiff's allegations demonstrate that there is a possibility that Plaintiff may bring a successful claim for negligence against Collins. As explained, the Court must evaluate all factual allegations in Plaintiff's state court pleadings in the light most favorable to Plaintiff and resolve all contested issues of fact in favor of Plaintiff. Rodriguez, 120 F.3d at 591. It is not established from the face of the pleadings that Collins was only a lessor of the property in question. In any case, Collins may still be liable to Plaintiff under one or more of the exceptions outlined above. It is not established from the face of the pleadings that Collins performed no repairs on the property until after it was leased to JMS. Moreover, it is not established that Collins did not know or have reason to know of a defect in the property that made it unreasonably dangerous to Plaintiff.

Defendant JMS has failed to meet its burden to demonstrate that Plaintiff is unable to establish a cause of action against Collins in state court. Smallwood, 385 F.3d at 573. Accordingly, this Court finds Collins was not fraudulently joined to this action and that the Court lacks subject matter jurisdiction over this matter, given that both Plaintiff and Collins are citizens of Texas.

### 2. Removal Was Untimely

As explained above, a removing defendant must file a notice of removal within thirty days after receipt of the state court pleading. 28 U.S.C. § 1446(b); Cervantez, 99 F.3d at 732. Procedural defects in the removal must be raised by motion and may be

waived by a failure to timely object within the thirty-day period after the filing of the removal petition, as provided by § 1447(c).  Macri v. M & M Contractors, 897 F. Supp. 381, 384 (N.D. Ind. 1995).  Nonetheless, the Court notes that removal was apparently untimely as well.  Plaintiff filed suit in state court on November 12, 2010.  Defendant JMS does not indicate in the Notice of Removal when it was served.  However, the Citation of Personal Service, attached to the Notice of Removal, indicates JMS was served on November 23, 2010.  The Notice of Removal was not filed until January 8, 2011, more than thirty days later.

### III.    Conclusion

For the reasons stated above, this Court determines that it does not have subject matter jurisdiction over the above-styled action. This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 3 of Nueces County, Texas, where it was originally filed and assigned Cause Number 2010-CCV-62164-3.

SIGNED and ORDERED this 10th day of January, 2011.

_____
Janis Graham Jack
United States District Judge